IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRINA B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17 CV 9113 |
| ) | |
| ANDREW SAUL, Commissioner of ) | Magistrate Judge Jeffrey Cummings |
| Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to this Court's order (Dckt. #17), *pro se* plaintiff Trina B. ("Claimant") timely filed an opening brief in support of her request to reverse the final decision of the Commissioner of Social Security that denied her claim for Disability Insurance Benefits ("DIBs") under 42 U.S.C. §§416(i) and 423(d) of the Social Security Act. The Commissioner subsequently filed a motion for summary judgment asserting that the final decision should be upheld because Claimant does not assert proper grounds for seeking remand under 42 U.S.C. §405(g). For the reasons stated below, the Commissioner's motion for summary judgment [Dckt. #24] is granted.

## BACKGROUND

Claimant worked in the fast food industry from January 1989 until January 2013. (R. 170.) In January 2014, Claimant filed her initial claim for disability based on the following

---

[1] Andrew Saul is substituted for his predecessor, Nancy A. Berryhill, pursuant to Federal Rule of Civil Procedure 25(d). In addition, Northern District of Illinois Internal Operating Procedure 22 prohibits listing the full name of the Social Security applicant in an opinion. Therefore, only plaintiff's first name and the first letter of her last name are listed in the caption.

conditions: arthritis in back; arthritis in pelvis; kidney disease; high blood pressure; and blood disease. (R. 74, 152-53.) In her Function Report, Claimant explained that she could not stand or sit for extended periods of time without back and leg pain. (R. 190.) During her September 19, 2016 hearing, Claimant testified that she has pain in her back and swelling in her legs that causes her to lose balance. (R. 40.) Claimant further testified that she is unable to walk, sit, or stand for a long period of time. (*Id.*)

On October 31, 2016, Administrative Law Judge ("ALJ") Edward Studzinski issued a twelve-page decision in which he found that Claimant was not disabled and denied her application for DIBs. (R. 12-32.) Claimant requested review by the Appeals Council, which was denied on October 23, 2017, making the ALJ's decision the final decision of the Commissioner. (R. 1-6); *Zurawski v. Halter*, 245 F.3d 881, 883 (7th Cir. 2001). Claimant subsequently filed a complaint in the District Court seeking to reverse the Commissioner's decision.

In her opening brief, Claimant set forth a narrative describing her physical symptoms and attached five pages of her medical records that post-date her September 19, 2016 hearing before the ALJ in support of her argument that she is entitled to DIBs. Dckt. #18. In his memorandum in support of his motion for summary judgment, the Commissioner asserts that Claimant has failed to set forth proper grounds for seeking remand under 42 U.S.C. §405(g) and criticizes Claimant for submitting a brief that does not comply with Federal Rule of Appellate Procedure 28. Dckt. #25. In her reply, Complainant argues that her prior attorney did not submit all of the medical evidence to support her claim to the ALJ and she attached additional pages of medical records which she claims should be taken into consideration despite the fact that almost all of

these records - - which were created in 2017 and 2018 - - post-date the ALJ's 2016 decision. Dckt. #26.

## LEGAL ANALYSIS

A.  **Claimant has failed to establish that this case should be remanded for consideration of the medical records that she has attached to her submissions**

Although Claimant's *pro se* submissions are "liberally construed," *Kabele v. Colvin*, No. 12-CV-776-WMC, 2015 WL 1430343, at *4 (W.D.Wis. Mar. 27, 2015) (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)), this principle does not relieve Claimant of her obligation to identify and support appropriate grounds to reverse the adverse decision by the Commissioner regarding her application for DIBs. *See, e.g., Parkell v. Danberg*, 833 F.3d 313, 324 n.6 (3d Cir. 2016) ("unrepresented litigants are not relieved from the rules of procedure and the requirements of substantive law."). In this case, Claimant does not identify any error by the ALJ nor does she argue that there was a lack of substantial evidence to support the ALJ's decision. Instead, Claimant describes the physical symptoms that she is currently experiencing and pins the blame for denial of her benefits on her former attorney. Dckt. #18, at 1-3; Dckt. #26, at 2. In particular, Claimant asserts that "I was denied social security benefits due to my lawyer at the time who didn't submit all my medical evidence to support my claim." Dckt. #26, at 2. Claimant asks this Court to "please look over all my medical records to make a decision in my favor," and she attached roughly thirty pages of medical records to her opening brief and reply submission. Dckt. #18, at 4-8; Dckt. #26, at 3-29.

The Court - - as does the Commissioner (Dckt. #2, at 2) - - construes Claimant's submissions to request relief under sentence six of 42 U.S.C. §405(g), which provides that the Court may remand the case to allow for additional evidence to be presented to the Commissioner upon a showing that "there is new evidence which is material and that there is good cause for the

3

failure to incorporate such evidence into the record in a prior proceeding." *Id.*; *Anderson v. Bowen,* 868 F.2d 921, 927 (7th Cir. 1989). Claimant bears the burden of proving that these requirements have been met. *See Rudolph v. Colvin*, No. 12-CV-1159, 2013 WL 5945788, at *1 (E.D.Wis. Nov. 5, 2013); *Overcash v. Astrue,* No. 5:07–CV–123–RL, 2011 WL 815789, at *3 (W.D.N.C. Feb. 28, 2011).

"Before the Court considers whether the evidence is new and material, it must decide whether there was good cause for failure to present such evidence earlier." *McGrath v. Astrue,* No. 11 CV 2125, 2012 WL 1204391, at *9 (N.D.Ill. Apr. 10, 2012). Claimant asserts that her lawyer was "nervous" and failed to properly answer the ALJ's questions because the ALJ supposedly did not like lawyers. Dckt. #26, at 2. Claimant further asserts that she did not realize that her attorney failed to bring all of her medical records to the hearing until after the hearing was over. *Id.* Even presuming that Claimant's assertions about her prior attorney's shortcomings are factually accurate,[2] they would not provide "good cause" for a remand. This is so because "[c]ourts around the country . . . have repeatedly held that '[m]istakes by an attorney are not considered to be 'good cause' for purposes of a remand under Sentence Six.'" *Shaver v. Colvin,* No. 3:13-CV-00388-FDW, 2014 WL 3854143, at *4 (W.D.N.C. Aug. 6, 2014), *quoting Benton v. Astrue,* No. 0:09-892-HFF-PJG, 2010 WL 3419276, at *4 (D.S.C. April 28, 2010); *Taylor v. Commissioner of Social Security,* 43 Fed.Appx. 941, 943 (6th Cir. 2002) ("there is absolutely no statutory or decisional authority for [the plaintiff's] . . . premise that the alleged incompetence of her first attorney constitutes 'good cause' in this context.").

Because the Court has found that there was no good cause for failing to introduce the medical records that Claimant has attached to her submissions, the Court need not decide

---

[2] Although the Court makes no finding in this regard, the Court does note that the ALJ admonished Claimant's prior attorney for not being able to respond to specific questions about the record. (R. 38-39.)

whether the evidence is new and material. *Waite v. Bowen,* 819 F.2d 1356, 1361 (7th Cir. 1987); *Wilson v. Shalala,* 7 F.3d 239, 1993 WL 404256, at *3 n.1 (7th Cir. 1993). Nonetheless, for purposes of completeness, the Court does address the materiality issue and it finds that the medical records that Claimant offers for consideration are not material. "Additional evidence is material if there is a reasonable possibility that it would have changed the outcome of the Secretary's determination." *McGrath,* 2012 WL 1204391, at *3. "[N]ew evidence is material only if it is relevant to the claimant's condition 'during the relevant time period encompassed by the disability application under review.'" *Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005), *quoting Kapusta v. Sullivan,* 900 F.2d 94, 97 (7th Cir. 1990).

Almost all of the medical records that Claimant has attached to her submissions are immaterial because they were created in 2017 and 2018[3] and therefore postdate - - and could not have affected - - the ALJ's October 31, 2016 decision. *See, e.g., Getch v. Astrue,* 539 F.3d 473, 484 (7th Cir. 2008); *Schmidt,* 395 F.3d at 742; *Kapusta,* 900 F.2d at 97; *Taylor,* 43 Fed.Appx. at 943. The few remaining records that were in existence at the time of the hearing are likewise non-material because they concern matters addressed by the ALJ in his decision and thus do not "constitute substantive evidence in addition to that already available in the record." *Jirau v. Astrue,* 715 F.Supp.2d 814, 825 (N.D.Ill. 2010). Consequently, Claimant has failed to meet her burden of showing that a remand is required under sentence six of 42 U.S.C. §405(g).

**B.     The ALJ's decision was supported by substantial evidence**

Although Claimant has failed to point to any errors in the ALJ's decision and she has not met her burden of showing that the case should be remanded for further examination of her medical records, this Court is nonetheless called upon to determine whether the ALJ's decision

---

[3] *See* Dckt. #18, at 4-7; Dckt. #26, at 4-6, 8-9, 13-16, 18, 20-29.

to deny Claimant's application for DIBs is supported by substantial evidence as required by 42 U.S.C. §405(g).[4] *See Wright v. Commissioner of Social Security,* No. 09-CV-1501, 2010 WL 5420990, at *3 (E.D.Mich. Dec. 27, 2010) (courts are required to determine whether decision to deny benefits was supported by substantial evidence even where the parties did not file cross-motions for summary judgment); *Kemper v. Astrue,* No. 07-CV-02339-WYD, 2009 WL 524981, at *3 (D.Colo. Mar. 2, 2009) (performing substantial evidence review even where the *pro se* plaintiff failed to state grounds to reverse or vacate the Commissioner's decision).[5]

In order to qualify for DIBs, a claimant must be "disabled" under the Act. A person is disabled under the Act if "he or she has an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §423(d)(1)(A). In determining whether a claimant is disabled, the ALJ must consider the following five-step inquiry:

> (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner

---

[4] Substantial evidence "means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) *quoting Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1983). Although this Court will not "re-weigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner" when making its determination, *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011), the Court will "conduct a critical review of the evidence" and will not let the Commissioner's decision stand "if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The Court will focus on whether the ALJ has articulated "an accurate and logical bridge" from the evidence to his/her conclusion. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). At a minimum, the ALJ must "sufficiently articulate his assessment of the evidence to 'assure us that the ALJ considered the important evidence ... [and to enable] us to trace the path of the ALJ's reasoning.'" *Carlson v. Shalala,* 999 F.2d 180, 181 (7th Cir. 1993) (per curiam), *quoting Stephens v. Heckler,* 766 F.2d 284, 287 (7th Cir. 1985) (internal quotations omitted).

[5] The Commissioner argues, in reliance on Federal Rule of Appellate Procedure 28(a), that this Court should summarily affirm the ALJ's decision because the *pro se* Claimant's failed to challenge the substance of the decision in her submissions and thereby waived any challenge to the decision. Dckt. #25, at 2. Federal Rule of Appellate Procedure 28(a), however, does not govern proceedings before this Court.

considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she can perform past relevant work, and (5) whether the claimant is capable of performing any work in the national economy.

*Dixon,* 270 F.3d at 1176. Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity ("RFC"). 20 C.F.R. §404.1520(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). The claimant has the burden of establishing a disability at steps one through four. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001). If the claimant reaches step five, the burden then shifts to the Commissioner to show that "the claimant is capable of performing work in the national economy." *Id*. at 886.

In applying the mandated five-step process, the ALJ found at step one that Claimant had not been engaged in substantial gainful activity since January 8, 2013. (R. 17.) At step two, the ALJ found that Claimant suffered from the following severe impairments: obesity, mild cervical and lumbar degenerative disc disease, and kidney disease. (*Id.*) The ALJ considered Claimant's complaints of anemia and hypertension but did not find that they caused more than a minimal impact on Claimant's ability to perform work-related activities. (*Id.*) At step three, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

At step four, the ALJ found that Claimant had the RFC to perform sedentary work, except that she could lift and/or carry up to ten pounds occasionally and lighter weights frequently; had no limitations in her ability to sit throughout an eight-hour day; could stand and/or walk for ten continuous minutes and for a total of two-out-of-eight hours; needed to alternate her position for five minutes after being on her feet for ten minutes or sitting for sixty

7

minutes, this would not need to be off-task time; could occasionally climb ramps/stairs, stoop, kneel, balance, crouch, and crawl; could never climb ladders, ropes, or scaffolds; could not repetitively rotate, flex, or extend her trunk or neck; could frequently reach in all directions, including overhead; could frequently use her hands to perform fine or gross manipulations; could not perform forceful grasping or torqueing; was limited to working in non-hazardous environments; and should avoid concentrated exposure to unguarded hazardous machinery. (R. 18.) The ALJ found that Claimant was unable to perform any past relevant work. (R. 24.)

Lastly, at step five, the ALJ found that given Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers that Claimant could perform, such as final assembler, inspector weigher/checker, and order clerk. (R. 25.) Therefore, the ALJ found that Claimant had not been under a disability from January 8, 2013 through the date of the decision, October 31, 2016. (R. 26.)

In sum: the ALJ conducted a thorough examination of the medical records and considered the entire record when reaching his decision. The ALJ found that Claimant's medically determinable impairments could reasonably be expected to cause the symptoms of which she complains, but he did not find that her statements concerning the intensity, persistence and limiting effects of the symptoms were consistent with the record. (R. 19-20.) In reaching his decision, the ALJ addressed the inconsistencies between Claimant's testimony as to her limitations and the medical records concerning those limitations. For example, Claimant maintained that she could not lift more than a loaf of bread, had pain that was a ten-out-of-ten on a pain scale, and needed to stay in bed three-to-four days a week. (R. 21.) The ALJ noted, however, that "the objective findings of record do not substantiate her assertions" and that "there is no medical explanation or clinical support for such severe limits, in the record." (R. 21, 23.)

Specifically, the ALJ referenced the lack of medical records discussing Claimant's alleged pain level as well as the fact that Claimant reported that she was able to exercise three days a week on a treadmill. (R. 23-24.)

In assessing what limitations may be caused by Claimant's kidney disease, which he identified as a severe impairment, the ALJ noted that Claimant denied any complaints and had stable renal function. (R. 22.) The ALJ also considered Claimant's non-severe impairments, such as her anemia and hypertension. (R. 17.) He cited records in which Claimant denied fatigue, weakness or malaise as well as the fact that there were no documented complications for her hypertension such as headaches, dizziness, chest pain, etc. (*Id*.) In addition, the ALJ discussed the opinions of Claimant's treating physician, the agency consultant, and her friend. (R. 23-24.) He accorded little weight to Claimant's orthopedist because his opinion was inconsistent with his own treatment notes, which showed no evidence of significant degenerative changes in Claimant's lumbar spine and documented normal gait, balance, and full range of motion of her extremities without pain. (R. 24.) Nonetheless, in deference to Claimant's subjective complaints, the ALJ incorporated more restricting postural limitations and environmental limitations than were recommended by the State Agency medical consultant. (R. 23.) Finally, the ALJ acknowledged that Claimant was restricted due to her back pain, which is why he limited her to sedentary work. (R. 21.)

For these reasons, the Court finds that the ALJ went through the necessary steps, considered the ailments that Claimant points to and those raised in her medical records, and produced a well-reasoned decision that was supported by substantial evidence and free from legal error. Accordingly, remand is not warranted based on the record before the Court. *See Elder,* 529 F.3d at 413.

## **CONCLUSION**

For the reasons explained above, the Court finds that Claimant has failed to show that a remand is warranted to consider the medical records that she attached to her submission. The Court further finds that the ALJ's decision was adequately explained and is supported by substantial evidence. Consequently, the Commissioner's Motion for Summary Judgment [24] is granted. It is so ordered.

**ENTERED:**

_____
**Jeffrey Cummings
United States Magistrate Judge**

**Dated: August 26, 2019**